**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DMI PARTNERS INC., a Florida corporation, | ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 14 cv 9825 ) |
| BYRON UDELL & ASSOCIATES, INC. d/b/a ACCUQUOTE, an Illinois corporation, | ) Judge Sharon Johnson Coleman ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions: DMi Partners Inc.'s ("DMi") motion for judgment on the pleadings [13] and Byron Udell & Associates, Inc. d/b/a/ AccuQuote's ("AccuQuote") motion to strike affirmative defenses [24]. For the reasons that follow, DMi's motion is granted and AccuQuote's motion is denied as moot.

**Background**

AccuQuote is an insurance company that uses internet advertising to market its insurance products. On October 24, 2012, AccuQuote and DMi entered into a contractual agreement (the "Agreement") under which DMi conducted online marketing and generated leads that AccuQuote sought to sell its insurance products. Between December 2012 and January 2014, DMi provided lead generation services. On March 4, 2014, DMi sent a letter to AccuQuote terminating the Agreement due to AccuQuote's alleged material breach of the Agreement. AccuQuote denies that it breached the agreement and maintained that DMi is still required to adhere to the Agreement's duties to defend, hold harmless, and indemnify AccuQuote.

The Agreement provides that DMi was required to deliver leads. (Dkt. 1, Exh. A at Section 4.) It also includes the following limitation of liability: "No action, suit or proceeding shall be brought against DMi more than one year after the date of service. The foregoing limitations of liability are independent of any remedies hereunder and apply regardless of whether any remedy fails of its essential purpose." (*Id.* at Section 6.) The Agreement provides that each party agrees to indemnify, defend, and hold harmless the other party in connection with any breach of the Agreement, or any claim arising due to a party or its third party affiliates, networks, or subsidiaries'

1

negligence in violating any laws or regulations related to the method and manner of lead generation or delivery. (*Id.* at Section 7.) The Agreement sets "conditions precedent" to the duty to indemnify, including notice, which, according to the Agreement, the failure to provide notice does not affect the party's right to be indemnified. (*Id.* at Section 8.) The other two "conditions precedent" require the party seeking indemnification to seek prior written approval before making any agreement to settle, compromise, admit, or acknowledge the validity of any third party action, and finally requires the parties to "extend reasonable cooperation in connection with the defense of any third-party action[.]" (*Id.*)

Third-party litigation was filed against AccuQuote in California ("California litigation") on November 4, 2014, which alleged that AccuQuote violated certain California state anti-spam laws. On November 25, 2014, AccuQuote sent a letter to DMi alleging that any liability it may have in the California litigation arises out of DMi's lead generation services and that pursuant to the Agreement, AccuQuote demanded that DMi defend, hold harmless, and indemnify AccuQuote in the California litigation. (Dkt. 1, ¶ 15.)

DMi Partners Inc. ("DMi") filed a complaint on December 8, 2014 alleging that Byron Udell & Associates, Inc. d/b/a/ AccuQuote ("AccuQuote") breached the Agreement by failing to pay DMi for services allegedly rendered in November 2013, as evidenced by an invoice covering November 1 through November 30, 2013. DMi also seeks a declaration that AccuQuote's alleged breach of the contract excuses DMi from its obligations under the agreement, including DMi's duty to defend and indemnify, that DMi has no further obligations to AccuQuote under the agreement, and that AccuQuote is contractually time-barred from seeking to uphold DMi's duty to defend, hold harmless, and indemnify AccuQuote in an underlying suit filed against AccuQuote in California ("California litigation").

AccuQuote filed its answer, affirmative defenses, and counterclaim on January 26, 2015. (Dkt. 10.) In its counterclaim, AccuQuote seeks a declaration from this Court that DMi is required to defend, hold harmless, and indemnify AccuQuote for all claims, damages, losses and expenses arising out of the California litigation. DMi moves for judgment on the pleadings arguing that AccuQuote's counterclaim is untimely.

**Legal Standard**

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure after a complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. Fed.

2

R. Civ. P. 10(c); *Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). Courts review motions brought pursuant to Rule 12(c) under the same standard as a motion to dismiss under Rule 12(b). *Lodholtz v. York Risk Servs. Group,* 778 F.3d 635, 639 (7th Cir. 2015). Thus, a complaint must be dismissed if the allegations do not state a facially plausible claim that raises the right to relief above the speculative level. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As with Rule 12(b)(6) motions, courts must view the facts alleged in the light most favorable to the non-moving party. *Emergency Servs. Billing Corp. v. Allstate Ins. Co.*, 668 F.3d 459, 464 (7th Cir. 2012). While a complaint or counterclaim need not anticipate and overcome affirmative defenses, such as the statute of limitations, *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009), "if a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." *O'Gorman v. City of Chicago*, 777 F.d 885, 889 (7th Cir. 2015).

An affirmative defense is an admission of the facts alleged in the complaint, coupled with an assertion of some other reason that the defendant is not liable. *See, e.g., Bobbitt v. Victorian House, Inc.*, 532 F.Supp. 734, 736 (N.D. Ill.1982) (Shadur, J.). Pursuant to Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and therefore they must set forth a "short and plain statement" of the material elements of the defense asserted and not merely bare recitations of the elements. Fed. R. Civ. P. Rule 8; *see also Reis Robotics USA, Inc. v . Concept Indus., Inc.*, 462 F. Supp. 2d 897, 904 (N.D. Ill. 2006) (Castillo, J.). Affirmative defenses must also contain sufficient factual material that, when taken as true, state a defense that is plausible on its face. *Twombly*, 550 U.S. at 570.

**Discussion**

*1. Motion for Judgment on the Pleadings*

DMi argues in its motion for judgment on the pleadings that it provided the underlying lead generation services to AccuQuote during the month of November 2013 and that therefore, the applicable "Date of Service giving rise to AccuQuote's counterclaim for indemnification was November 30, 2013 at the latest." (Dkt. 14, at 5). AccuQuote responds that DMi's motion should be denied because DMi incorrectly applies the limitation on liability provision in section 6 of the Agreement to the indemnification provisions in sections 7 and 8.

3

Under Illinois law, which the parties agree applies here, parties to a contract may agree to a shortened limitations period to replace a statute of limitations, even if shorter, so long as it is reasonable. *Medrano v. Prod. Eng'g Co.,* 332 Ill. App. 3d 562, 566, 774 N.E.2d 371, 376, 266 Ill. Dec. 265 (1st Dist. 2002). A limitation period is enforceable even though the claim was meritorious and the contractual limitation period began before the plaintiff had knowledge of the cause of action. *Space Center Tysons, Inc. v. Opus North Corp.*, No. 01 C 8435, 2004 U.S. Dist. LEXIS 4802, *58-59 (N.D. Ill. Mar. 25, 2004) (citing *Florsheim v. Travelers Indem. Co.,* 75 Ill. App. 3d 298, 393 N.E.2d 1223, 30 Ill. Dec. 876 (1st Dist. 1979).

Here, though the Agreement provides for indemnification, the limitation on liability section unambiguously limits the period when claims may be brought against DMi to one-year from the date of service. (Dkt. 1, Exh. A at Section 6). Section 6 further provides: "THE FOREGOING LIMITATIONS OF LIABILITY ARE INDEPENDENT OF ANY REMEDIES HEREUNDER AND APPLY REGARDLESS OF WHETHER ANY REMEDY FAILS OF ITS ESSENTIAL PURPOSE." *Id.* (emphasis in original). The date of service here is November 30, 2013. Thus, pursuant to the contract, AccuQuote had until November 30, 2014, to file an action to enforce DMi's duty to indemnify under the section 7 of the Agreement. AccuQuote has not provided any authority to support a position that a one-year limitations period is unreasonable. Moreover, AccuQuote admits that it was aware as of January 31, 2014, of DMi's refusal to indemnify AccuQuote. Accordingly, AccuQuote had from January 31, 2014, to November 30, 2014, to file a complaint such as its counterclaim seeking a declaration that DMi had a duty to indemnify AccuQuote against third-party claims arising from its services. AccuQuote waited until January 26, 2014, to file its counterclaim. Accordingly, this Court finds the counterclaim for indemnification is untimely under the contractual limitations period.

*2. Motion to Strike Affirmative Defenses*

AccuQuote moves to strike DMi's affirmative defenses two through seven to its counterclaim for indemnification. DMi filed seven purported affirmative defenses: (1) that the counterclaim is untimely; (2) that AccuQuote failed to mitigate its damages because it failed to act in good-faith to resolve the underlying claims against it; (3) AccuQuote's claims are barred by laches, waiver, and/or estoppel because it failed to take action to preserve any contractual rights to indemnification it may have had; (4) AccuQuote's damages are speculative; (5) the counterclaim fails to state a claim upon which relief can be granted; (6) AccuQuote's prior material breach of the

4

Agreement excuses any obligations DMi may have had under the contract; and (7) any settlement communications are inadmissible under Federal Rule of Evidence 408. DMi withdraws affirmative defense number 7. This Court having found AccuQuote's counterclaim untimely and thus granted DMi's motion for judgment on the pleadings, AccuQuote's motion to strike the defenses to the counterclaim is moot.

**Conclusion**

Based on the foregoing, this Court grants DMi's Motion for Judgment on the Pleadings [13] and denies as moot AccuQuote's Motion to Strike the Affirmative Defenses [24]. Status set for Friday, July 31, 2015, at 9:00 a.m. to stand.


IT IS SO ORDERED.

Date: July 27, 2015

SHARON JOHNSON COLEMAN
United States District Judge